NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4396
_____

DANIEL K. MILLER,

Appellant

v.

OFFICE OF CHILDREN, YOUTH AND FAMILIES OF ALLEGHENY COUNTY
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 13-cv-00315)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Under Third Circuit LAR 34.1(a)
March 17, 2015
_____

Before: RENDELL, FUENTES and BARRY, Circuit Judges

(Opinion Filed: March 25, 2015)
_____

OPINION[*]
_____


BARRY, Circuit Judge

        Appellant  Daniel  K.  Miller  appeals  from  the  Rule  12(b)(6)  dismissal  of  his  42

_____

[*]  This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

U.S.C. § 1983 claims against the Office of Children, Youth and Families of Allegheny County ("CYF"), in which he alleged that CYF violated his constitutional rights to procedural and substantive due process in connection with proceedings to terminate his parental rights. We will affirm.

## I.[1]

Miller is the parent of a minor child who was removed from his custody by CYF in September 2010. CYF gave Miller a "Family Service Plan" to follow in order to regain custody of his child; the requirements involved cleaning his residence, attending parenting classes, and cooperating with CYF. Miller contends that he complied with all of CYF's requirements in the Family Service Plan and that his home passed various inspections.

Several hearings were held regarding the custody status of the child. In October 2010, a hearing was held for which Miller alleges he received no notice; it is unclear, however, what occurred at this hearing. Hearings were also held in January, March, and June 2011. In June, a representative of CYF requested that Miller's visitation be reduced and that the court begin the process of terminating Miller's parental rights and changing the goal of the proceedings to adoption. Miller claims that he was not permitted to present evidence of having completed the Family Service Plan at this hearing. The hearing officer granted CYF's request and Miller's visitation was reduced. According to

[1] The facts as described herein are drawn from Miller's Third Amended Complaint (the "complaint"), the allegations of which we accept as true for purposes of reviewing his claims under Rule 12(b)(6). Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Miller, a review hearing was scheduled for December 6, 2011 to determine whether the Family Service Plan had been completed. He alleges that "[a]t no point was a [Termination of Parental Rights] Hearing discussed or mentioned," and that, at the end of the December 6 hearing, the judge ordered another review hearing in three months. (App. at 8.)

On December 9, 2011, however, Miller's parental rights were terminated "during state court proceedings," although he contends that "[n]o hearing occurred on that date." (Id.) Miller alleges that he received no notice of this hearing, and claims that CYF acted with intent to prevent him from testifying and denied him an opportunity to be heard. According to Miller, he had visitation with his child on December 6 and 13, 2011, at which there was no mention of his rights being terminated, and was only notified of the termination on December 19, 2011, when he called to set up a visit.

In March 2013, Miller filed this § 1983 action against CYF, alleging violation of his Fourth, Fifth, and Fourteenth Amendment rights to procedural and substantive due process. On October 17, 2013, the District Court granted CYF's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court concluded that there was "no evidence" that Miller was deprived of notice and an opportunity to be heard because he admitted, in the complaint, that no hearing occurred on December 9 and that he attended a hearing on December 6, and because court records indicated that he was served with copies of a Petition to Involuntarily Terminate Parental Rights and a Notice of Hearing on the matter for December 6, 2011. Miller v. Office of Children,

3

Youth, and Families of Allegheny Cnty., No. 13-cv-00315, 2013 WL 5674461, at *4 (W.D. Pa. Oct. 17, 2013). The Court also held that Miller's substantive due process claim failed because he had not alleged facts "tending to show at least gross negligence or arbitrariness," and that both claims failed for the additional reason that he failed to allege adequate facts to support a claim of municipal liability. Id. at *5. Finally, the Court held that it need not reach the issue of whether an agency such as CYF "is not a distinct entity subject to suit under § 1983," as CYF had contended. Id. at *5 n.3. This appeal followed.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. B.S. v. Somerset Cnty., 704 F.3d 250, 260 (3d Cir. 2013). Our review of a district court's order granting a motion to dismiss is plenary. Fowler, 578 F.3d at 206. We "accept all of the complaint's well-pleaded facts as true," in determining "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

III.

To state a claim for violation of procedural due process rights under 42 U.S.C. § 1983, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'"

4

Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2001)). We have recognized that natural parents have a fundamental liberty interest in the "care, custody, and management of their child," a protected interest under both the procedural and substantive due process components of the Fourteenth Amendment. Miller v. City of Phila., 174 F.3d 368, 373 (3d Cir. 1999) (quoting Santosky v. Kramer, 455 U.S. 745, 753 (1982)). As the Supreme Court has held, the "fundamental requirement" of procedural due process is "the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). With respect to substantive due process, "a child welfare agency abridges an individual's substantive due process rights when its actions exceed both negligence and deliberate indifference, and reach a level of gross negligence or arbitrariness that indeed shocks the conscience." Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 241 (3d Cir. 2013) (internal quotation marks omitted).

"[T]o establish municipal liability under § 1983, [Miller] must show that [he was] deprived of rights, privileges, or immunities secured by the Constitution and laws, and that the deprivation of those rights was the result of an official government policy or custom." Id. at 238 (internal quotation marks omitted); see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). A policy is "a decision of a municipality's duly constituted legislative body or of officials whose acts may fairly be said to be those of the municipality," while a custom is "a practice that, although not . . . formally approved by

5

an appropriate decisionmaker . . . is so widespread as to have the force of law." B.S., 704 F.3d at 274 (internal quotation marks omitted).

In this case, the District Court properly dismissed Miller's complaint in its entirety because he failed to allege that the deprivation of his rights resulted from any official policy or custom of CYF, the only defendant. See, e.g., Mulholland, 706 F.3d at 239 (holding that even if a county agency's child abuse investigation was inadequate, the parents' § 1983 claim failed where there was no evidence that the agency "employ[ed] a policy or ha[d] a custom of conducting desultory investigations"). There are simply no allegations in the complaint to support a finding that Miller failed to receive due process of law or that his parental rights were terminated as a result of a policy or custom of CYF.[2]

In light of the lack of adequate allegations to support a claim of municipal liability, we need not address whether Miller's allegations were otherwise adequate to state a procedural or substantive due process claim. Were we to reach this question, however, we might well take issue with the District Court's reliance on a document outside the pleadings which, although a public record, did not "form[] part of the basis for [Miller's] claim," nor could it be considered "undisputedly authentic," as the Court

---

[2] Analyzing CYF's liability under Monell and its progeny is appropriate in light of CYF's acknowledgement that it constitutes a sub-unit of Allegheny County (see Appellee's Br. at 22), and the allegations of Miller's complaint, in which he contends that CYF is a "local government entity." (App. at 3). See, e.g., B.S., 704 F.3d at 254 n.5 (treating the liability of Somerset County Children and Youth Services as "coextensive" with the liability of Somerset County, where those parties acknowledged that the agency acted on behalf of the county with respect to child protective services).

suggested.  See Miller, 2013 WL 5674461, at *4 n.2.  Although not relevant to our ultimate disposition of this appeal, we note that the document, an Affidavit of Service purporting to establish that Miller received notice of a December 6, 2011 hearing, constituted "extraneous evidence submitted by the defense" that was subject to potential challenge by Miller and not proper for consideration on a Rule 12(b)(6) motion.  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (holding that the district court erred in considering documents not "integral to the complaint," including affidavits, when ruling on a 12(b)(6) motion); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Finally, while CYF contends that, as a sub-unit of Allegheny County, it is not subject to suit under § 1983, the District Court did not analyze this issue and we, likewise, need not address it.

IV.

For the reasons stated above, we will affirm the order of the District Court.

7